IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH EDWARD WILKINS           *
      Plaintiff,
   v.                         *   CIVIL ACTION NO. WMN-15-256

CARROLL A. PARRISH             *
      Defendant.
                                *****

**<u>MEMORANDUM</u>**

On January 28, 2015, Ralph Wilkins ("Wilkins"), an inmate housed at the Brockbridge Correctional Facility, filed the above-captioned unsigned matter on civil rights forms. Wilkins claims that educational credits seemingly earned from 1976 to 1978 at the former Maryland House of Correction and educational, vocational, work, and special projects credits earned from 1978 to 1981 at the Patuxent Institution were not awarded to him. He seeks the award of those diminution credits or, in the alternative, damages in compensation for the work activity involved. ECF No. 1 at pg. 4.

Wilkins seeks leave to proceed in forma pauperis. ECF No. 2. Inasmuch as Wilkins is primarily seeking the award of diminution credits, which would go to the execution of his sentence his action shall be construed as a Petition for writ of habeas corpus filed under 28 U.S.C. § 2241.[1]

---

[1] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh,* 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

For the reasons that follow, the indigency motion shall be denied[2] and the Petition shall be dismissed without prejudice.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (holding that state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy,* 455 U.S. 509 (1982).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose,* 455 U.S. at 523.

An inmate in the custody of the Maryland Division of Correction ("DOC") who wishes to seek the award of diminution credits has two possible avenues for relief.  Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

> 1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq*.,* to the warden of the institution where he is confined;

---

[2] The indigency motion and attachments show that as of January 12, 2015, Wilkins has an account balance of $106.10. Under Local Rule 112.1.d. (D. Md. 2011), the Court will generally not authorize a petitioner who has $25.00 or more available after payment of the $5.00 fee to proceed in forma pauperis.

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking <u>certiorari</u> to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and

3. Seeking <u>certiorari</u> to the Court of Appeals from a decision by the Court of Special Appeals.

A review of the cause of action reveals that Wilkins has not exhausted the administrative remedy procedure process in the DOC. Further, both the cause of action and the state court docket (Maryland Judiciary Case indices)[4] show that no habeas corpus petition was received for filing in the state court. Thus, Wilkins has not exhausted his state court remedies as to his issue. His action

---

[3] Although at one time, this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals of Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 647 A.2d 106, 109 n.5 (Md. 1994).

[4] *See* http://www.casesearch.courts.state.md.us/inquiry.

must be dismissed for the failure to exhaust available state court remedies.  *See Braden*, 410 U. S. at 490-91.  A separate Order follows.

Date: February 2, 2015                                                    _____/s/_____
                                                                   William M. Nickerson
                                                                   Senior United States District Judge